[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15570
Non-Argument Calendar
_____

D.C. Docket No. 1:14-cr-00008-MP-GRJ-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RYAN DAVID BURD,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(September 21, 2015)


Before HULL, ROSENBAUM, and EDMONDSON, Circuit Judges.

PER CURIAM:

Ryan Burd appeals his 20-year term of supervised release imposed after he pleaded guilty to attempting to entice a minor (14-year old girl) to engage in sexual activity, in violation of 18 U.S.C. § § 2422(b).  No reversible error has been shown; we affirm.

On appeal, Burd challenges both the procedural and substantive reasonableness of his term of supervised release.[1]  First, he contends that his sentence is procedurally unreasonable because the district court failed to explain adequately the sentence.  Burd next argues that his sentence is substantively unreasonable because it is greater than necessary to achieve the statutory purposes of sentencing.

We review the reasonableness of a final sentence under a deferential abuse-of-discretion standard.  Gall v. United States, 128 S.Ct. 586, 591 (2007).  The party challenging the reasonableness of the sentence bears the burden of establishing that

---

[1] Burd was also sentenced to ten years' imprisonment: the statutory mandatory minimum sentence for his offense.  On appeal, Burd challenges only his term of supervised release and raises no challenge to his prison sentence.

2

the sentence is unreasonable in the light of both the record and the 18 U.S.C. § 3553(a) factors.[2]  United States v. Talley, 431 F.3d 784, 788 (11th Cir. 2005).

In reviewing a sentence, we first examine whether the district court committed a significant procedural error, such as calculating improperly the guidelines range, failing to consider the section 3553(a) sentencing factors, basing the sentence on clearly erroneous facts, or failing to explain adequately the chosen sentence.  Gall, 128 S.Ct. at 591.  After we have determined that a sentence is procedurally sound, we review the sentence's substantive reasonableness.  Id.  A sentence substantively is unreasonable if it "fails to achieve the purposes of sentencing as stated in section 3553(a)."  Talley, 431 F.3d at 788.

Burd's 20-year term of supervised release is procedurally reasonable.  The record shows that the district court considered Burd's request for a term of supervised release between five and ten years.  The district court reviewed Burd's personal statement, letters of support from family and friends, and documents evidencing Burd's different personal and professional achievements.  At the sentencing hearing, the district court listened to Burd's sister's testimony about

---

[2] Under section 3553(a), a district court should consider the nature and circumstances of the offense, the history and characteristics of the defendant, the need for the sentence to provide adequate deterrence, respect for the law, and protection of the public, policy statements of the Sentencing Commission, provision for the medical and educational needs of the defendant, and the need to avoid unwarranted sentencing disparities.  See 18 U.S.C. § 3553(a)(1)-(7).

3

Burd's good character and to Burd's arguments in favor of a shorter term of supervised release.

After regarding the evidence and both sides' arguments, the court said that it had "considered the statute itself as well as the commission guidelines and policy statements" in determining Burd's sentence. In the circumstances, this explanation was sufficient to satisfy the procedural requirements. See Rita v. United States, 127 S.Ct. 2456, 2468-69 (2007) (no lengthy explanation is required when the district court relies upon the Sentencing Commission's own reasoning in determining a sentence, particularly where the record shows that the district court listened to each argument, considered the supporting evidence, and was aware of the defendant's mitigating circumstances).

Burd's term of supervised release was also substantively reasonable. He was a 29-year old man. The applicable guideline range for Burd's offense was a term of supervised release between five years and life, with a recommended term of life. See U.S.S.G. § 5D1.2(b), p.s. Burd's 20-year term of supervised release was both within the applicable guidelines range and below the statutory maximum term; we ordinarily expect such a sentence to be reasonable. See Talley, 431 F.3d at 788; United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008)

(concluding that a sentence was reasonable in part because it was well below the statutory maximum).

Given the record, we cannot say that the 20-year term of supervised release failed to reflect the purposes of sentencing or that the district court committed "a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." See United States v. Pugh, 515 F.3d 1179, 1203 (11th Cir. 2008).  In the light of the Sentencing Commission's policy statement recommending a term of life and given the nature and circumstances of Burd's offense, we accept that a 20-year term of supervised release could be reasonably thought to be necessary to reflect the seriousness of the offense, to deter Burd from further criminal activity and to protect the public from future crimes: no abuse of discretion.

AFFIRMED.